UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENACA WILLIS,

    Petitioner,

v.

    CASE NO. 2:10-CV-10096
    HONORABLE LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

CATHY BAUMAN, Warden,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE (dkt. 5) AND ADMINISTRATIVELY CLOSING THE CASE**

Cenaca Willis ("Petitioner"), presently confined at a Michigan Correctional Facility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder and possession of a firearm during the commission of a felony. Petitioner subsequently filed a motion to stay the habeas corpus proceedings and hold the petition in abeyance to permit him to return to the state courts to present additional claims not exhausted with the state courts or included in his current habeas petition. For the reasons stated below, the Court shall: (1) hold the petition in abeyance, and (2) stay the proceedings, under the terms outlined in this opinion, to permit Petitioner to return to the state courts to exhaust his additional claims.

**I. Background**

Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted first-degree murder and possession of a firearm during the commission of a felony. Petitioner was sentenced to life imprisonment on the first-degree murder conviction and a consecutive two-year

1

prison term for the possession of a firearm conviction. Petitioner's conviction was affirmed on appeal. *People v. Willis*, No. 278073 (Mich.Ct.App. Dec. 11, 2008); lv. den. 483 Mich. 980, 764 N.W.2d 222 (2009).

## II. Discussion

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th Cir. 1998). Likewise, "[f]ederal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims." *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 U.S. Dist. LEXIS 21813, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (*citing Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *Tran v. Bell*, 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998)). In order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state-court proceedings, however, there must be exceptional or unusual circumstances. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).

A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations. *See* 28 U.S.C. § 2244(d)(1); *Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v.*

*Weber,* 544 U.S. 269, 278 (2005)). Even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, however, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.

In this case, the Court shall grant Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The Court finds that abeyance is more appropriate in this case because an outright dismissal of the petition, albeit without prejudice, might result in preclude a later consideration of Petitioner's claims in this Court due to the one year statute of limitations contained in the AEDPA. In order to ensure that there are no delays by Petitioner in exhausting his state court remedies, however, this Court will impose time limits within which Petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Therefore, for the reasons stated above, the Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. The tolling afforded by holding the petition in abeyance is conditioned upon: (1) Petitioner initiating his state post-conviction remedies within sixty days of receiving this Court's order, and (2) returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721. *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). If Petitioner fails to satisfy either of the foregoing conditions, his petition shall be dismissed without prejudice.

### III. ORDER

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance (dkt. 5) is **GRANTED**. Petitioner may file a motion for relief from judgment with the state court within sixty (60) days of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss his petition without prejudice.

If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims. If Petitioner fails to refile a habeas petition within that 60 day period, the Court will dismiss his petition without prejudice.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 28, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 28, 2011.

s/Marie E. Verlinde
Case Manager
(810) 984-3290